IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HAKKI C. AKSOY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-585-GPM |
| | ) |
| **LISA J.W. HOLLINGSWORTH,** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 8). Respondent argues that Mr. Aksoy's Petition should be dismissed as moot because Mr. Aksoy is no longer in the custody and control of respondent, and that Mr. Aksoy has failed to exhaust his administrative remedies (Doc. 8, pp. 1-3).

## BACKGROUND

Hakki Aksoy was convicted of making a false statement in an application for an alien registration card and possession of an alien registration card in violation of 18 U.S.C. § 1546(a), making a false statement in an application to register permanent residence in violation of 18 U.S.C. § 1001(a)(2), and unlawful possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5). On April 24, 2002, he was sentenced in the U.S. District Court for the Southern District of Florida to ten years imprisonment followed by three years supervised release. On July 31, 2009, Mr. Aksoy filed this action pursuant to 28 U.S.C. § 2241 challenging a final order of removal to his native country of Turkey (Doc. 1).

After an initial review of Mr. Aksoy's Petition by this Court, on March 3, 2010, Respondent was ordered to answer and show cause why the writ should not issue (*see* Doc. 4). In that Order, Mr. Aksoy was advised of his obligation to keep the Clerk and parties informed of his whereabouts during the pendency of this action (Doc. 4, p. 2), which he has thus far failed to do. Mr. Aksoy was released from his term of imprisonment on December 28, 2009, and currently, he is allegedly in the custody of U.S. Immigration and Customs Enforcement (ICE). Further, while Mr. Aksoy's exact location and status is unclear from the record, according to his original sentence he might be, simultaneously, on supervised release.

## ANALYSIS

Contrary to Respondent's assertion, Mr. Aksoy's Petition is not moot. A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1988). However, "a petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence." *Id.* at 7-8. Mr. Aksoy received a Notice of Intent to Issue a Final Administrative Removal Order from the Department of Homeland Security on October 29, 2008. In the Notice, Mr. Aksoy is advised that he is deportable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), as amended, because he had been convicted of an aggravated felony as defined in §§ 101(a)(43)(E, P) of the INA, 8 U.S.C. §§ 1101(a)(43)(E, P). Thus, there can be no question that Mr. Aksoy's currently pending removal proceeding is a "sufficient collateral consequence from [his] sentence." *Spencer*, 523 U.S. at 7.

Indeed, while acknowledging the practical difficulties of prosecuting such a collateral attack from abroad, the Seventh Circuit Court of Appeals noted that a petitioner, such as Mr. Aksoy, "will have a 'live' case so long as (1) his three-year term of supervised release has not expired, *see United*

*States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001), or (2) he continues to suffer collateral consequences from his conviction, *see Sibron v. New York*, 392 U.S. 40, 55-56, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)." *United States v. Wilson*, 240 Fed.Appx. 139, 144, 2007 WL 2031277 (7th Cir. 2007)(citations omitted).[1] Further, deportation after the filing of a petition under 28 U.S.C. § 2241 does not render the case moot so long as some collateral consequences of the removal, such as the bar to reentry, remain. *Id.* (collecting cases from other circuits) (citations omitted). Therefore, assuming that Mr. Aksoy is indeed awaiting deportation, his petition is not moot.

On the other hand, Mr. Aksoy has failed to demonstrate any attempt to exhaust his administrative remedies. In general, federal prisoners must first exhaust administrative remedies prior to bringing a petition for writ of habeas corpus in federal court. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Pursuant to 8 U.S.C. § 1252(d), "[a] court may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right.…" Exhaustion is measured from the date the habeas petition is filed. *Verdin v. O'Leary*, 972 F.2d 1467, 1483 (7th Cir. 1992). Here, Mr. Aksoy has completely failed to make any showing of even the slightest attempt to exhaust his administrative remedies.

Mr. Aksoy's petition, however, suffers from a far greater infirmity — namely, this Court lacks subject matter jurisdiction to review his petition because "[8 U.S.C.] § 1252(g) bars federal courts from reviewing such requests." *Bhatt v. Reno*, 204 F.3d 744, 748 (7th Cir.1999). The Seventh Circuit Court of Appeals has "consistently decided that Congress's 1996 amendments to the INA,

---

[1] According to Circuit Rule 32.1, unpublished opinions are to be cited "only in accordance with Fed. R. App. P. 32.1." In turn, Federal Rule of Appellate Procedure 32.1 states, "[a] Court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as 'unpublished,' ' not for publication,' 'non-precedential,' 'not precedent,' or the like; and (ii) issued on or after January 1, 2007." As such, this opinion, decided on June 27, 2007, may apparently be cited without reservation.

and specifically § 1252(g), foreclose virtually all judicial review of deportation, including habeas review, in cases to which it applies." *Id.* at 746. Citing *Singh v. Reno*, 182 F.3d 504, 508-509 (7th Cir. 1999); *LaGuerre v. Reno*, 164 F.3d 1035, 1040 (7th Cir. 1998). Moreover, "§ 1252(a)(2)(C) generally eliminates [a federal courts'] jurisdiction to review any final order of deportation against an alien convicted of an aggravated felony." *Lara-Ruiz v. INS*, 241 F.3d 934, 938-39 (7th Cir. 2001). In theory, if he can raise a "substantial constitutional claim," Mr. Aksoy "may challenge his deportability on constitutional grounds directly in the courts of appeals." *Id.* (citations omitted). However, this is a very high threshold to cross.

Here, it is sufficient to note that Mr. Aksoy is an alien subject to a final order of removal because he was convicted of an "aggravated felony" as defined by relevant statute. Beyond this determination, this Court lacks jurisdiction to exercise any further review of Mr. Aksoy's requests because it is barred by statute from doing so. *See Bhatt*, 204 F.3d at 748. Moreover, Mr. Aksoy's response to Respondent's Motion to Dismiss was due on May 3, 2010. To date, no response has been filed. Finally, Mr. Aksoy has not kept the Court or the parties apprised of his current address pursuant to this Court's earlier Order.

## CONCLUSION

Therefore, in light of the foregoing, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED with prejudice** and the Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 05/19/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge